CHITTENDEN & EASTMAN COMPANY, APPELLANT, V. SAUNDERS COUNTY NATIONAL BANK, APPELLEE.

FILED JUNE 15, 1918.  No. 19806.

Guaranty: RECOMMENDATION TO JOBBER: LIABILITY.  When a bank writes a jobber that a third party has made arrangements with it to remit in payment of a bill of goods "upon arrival of the goods, subject to inspection," and the letter is treated as a "recommendation" only, and the goods are shipped and delivered to the third party without acknowledgment of receipt of the letter or notice of shipment, within a reasonable time, no liability for payment of the goods arises against the bank.

APPEAL from the district court for Saunders county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*Fawcett & Mockett, F. A. Peterson, E. E. Placek* and *E. S. Schiefelbein,* for appellant.

*Charles H. Slama, contra.*

MORRISSEY, C. J.

Plaintiff appeals from a judgment of the district court for Saunders county in favor of defendant.  A jury was waived and the cause tried to the court on a stipulation of facts.

Plaintiff is a manufacturer and jobber of furniture, with its principal place of business at Burlington, Iowa. Defendant is in the banking business at Wahoo, Nebraska. One Iverson was desirous of purchasing a bill of goods from plaintiff, but plaintiff would not extend credit to Iverson. Iverson had on deposit with defendant $206. He made arrangements with defendant to borrow enough to bring his deposit up to $262.32,

the amount of the bill of goods, and defendant at his solicitation wrote plaintiff as follows:

"Saunders  County  National  Bank.

"Wahoo, Nebraska. June 21, 1911.

"Chittenden Eastman Co., Burlington, Ia. Gentlemen: Mr. G. S. Iverson, of this city, has made arrangements with us to remit to you the sum of $262.32 upon arrival of goods, subject to inspection as listed on your memorandum dated April 8, 1911, addressed to Morrow & Iverson, Dalton, Neb.

"Yours truly, J. J. Johnson, Cashier."

Upon receipt of this letter plaintiff shipped the goods to Iverson, but did not acknowledge receipt of defendant's letter or notify it of the shipment of the goods. September 21 following plaintiff drew a sight draft on Iverson through defendant bank for $267.91. No letter accompanied the draft, nor was there anything to indicate that this draft was on account of the goods mentioned in defendant's letter of June 21. Iverson had no money on deposit with defendant at that time, and the draft was dishonored. October 3 plaintiff wrote defendant inclosing statement of Iverson's account, explaining that they had not theretofore called defendant's attention to it because its letter of June 21 had been mislaid, but stating that the shipment had been made relying upon defendant's letter. Defendant replied that they supposed the Iverson account had been closed long ago, as plaintiff had allowed more than three months to go by without acknowledging receipt of the letter or giving notice that the goods had been shipped; that Iverson had withdrawn his deposit, and defendant denied liability. Other letters were exchanged, in one of which plaintiff said: "We extended this man a credit of $267.91 purely upon the recommendation of the cashier of your bank. It is true that legally the letter you wrote us was not a guaranty, but in every other sense of the word it was."

Plaintiff complains that the judgment is not sustained by the evidence and is contrary to law. Iverson had

part of the fund necessary to pay for this bill of goods on deposit with defendant and had arranged to borrow the necessary balance. Defendant stated the situation correctly when it wrote that Iverson had made arrangements to remit upon arrival of the goods, subject to inspection. The letter could not be construed to mean that the bank was assuming personal liability for the debt, nor could it be expected to hold indefinitely the fund provided to pay for the goods without any notice of the acceptance of the offer or the shipment of the goods. Impliedly, at least, this letter called for an immediate acceptance. It was not made. The account was permitted to run beyond the time usual in business transactions before the bank was notified that any action whatever had been taken, relying upon its letter.

It is argued that shipment of the goods was a sufficient acceptance, but the shipment was made without the knowledge of the bank and without notice to it. The account was charged, not to the bank, but to Iverson, and the draft was drawn for a greater amount than that which defendant indicated it would honor. Finally plaintiff states in its correspondence that no legal liability exists. This statement may have no bearing other than to show the construction placed upon the correspondence by the parties that originally both parties gave it the construction now insisted upon by defendant. The conduct of plaintiff shows that it did not regard defendant as primarily liable for the debt, but regarded its letter as "a recommendation."

The judgment of the district court is amply sustained by the evidence, and is

AFFIRMED.

HAMER, J., not sitting.